## City of Beatrice v. Michael Knight.

Filed June 19, 1895.　No. 6146.

**Municipal Corporations:** Drainage for Private Property.
The law does not impose upon a municipal corporation the duty
of providing drainage for private property within its limits to
prevent an inundation thereof caused by the owner of another
lot obstructing a water-course by filling his own lot to conform
with the established grade of a street.

Error from the district court of Gage county. Tried
below before Bush, J.

*E. O. Kretsinger,* for plaintiff in error.

*Hugh J. Dobbs, contra.*

Irvine, C.

The defendant in error recovered a judgment against the
plaintiff in error on account of damages sustained by the
overflowing of a lot of the defendant in error. It will be
necessary to consider only one of the errors assigned. At
the opening of the trial the city objected to the introduc-
tion of any evidence for the reason that the petition did
not state facts sufficient to constitute a cause of action.
This objection was overruled, and is the foundation of one
of the assignments of error.

The petition averred the corporate existence of the city;
that plaintiff was the owner of the south half of lot 6, in
block 27; that in 1887, after plaintiff purchased said
premises, and while he was occupying the same, the city
established a grade for the streets and alleys for that por-
tion of the city, leaving plaintiff's property far below such
grade; that one Swigart was the owner of lots 11 and 12,
in block 26, which were also below the grade of 1887, and
situated on a water-course immediately below the premises

of plaintiff. The petition then proceeded as follows: "That there is a large natural ravine or water-course running down through that portion of said city where plaintiff's premises are situated, and across said blocks 26 and 27 of said city; that said ravine or water-course has its source about two miles east of plaintiff's said premises, and flows in a southwesterly direction through the greater portion of the city of Beatrice into the Big Blue river, and following the channel thereof is about six miles in length from source to mouth; that it has numerous tributaries and has large steep banks on sides and a well defined channel, and with its tributaries forms a natural drainage for all the surface water which falls or accumulates on a large area of land both within and without the corporate limits of said city of Beatrice; that during portions of each year said water-course discharges a large amount of water into the Big Blue river and has existed as a natural water-course from time immemorial, and that the premises of this plaintiff and said Uriah Swigart lie almost wholly within said ravine and are far below the grade established by the engineers of said city; that some time in the spring of 1890 the said Swigart notified the city authorities of said city, and particularly the street committee and street commissioner appointed by the city council of said city, that he desired and intended to fill up and raise the said lots to proper grade, and requested said city council and the said street committee and commissioner to make proper provision to drain off and remove the water whose flow would naturally be impeded and interfered with by his proposed improvements and which would constantly accumulate on the surrounding premises, including the premises of this plaintiff; that thereafter the said Uriah Swigart filled up and raised his said lots to proper grade, and thereby checked, interfered with, impeded, and completely stopped the natural flow of the surface water in said slough or ravine and caused the same to accumulate in large quantities

on the streets, alleys, and lots lying to the east and north of said block 26, and to completely submerge, inundate, and overflow the said premises of this plaintiff from about the first day of February, 1890, to about the first day of June, in said year, to plaintiff's damage in the sum of $200; that said city, notwithstanding the notification herein alleged to have been given the proper city authorities by said Swigart, and notwithstanding the repeated notifications given by this plaintiff of the damage and inconvenience to which he was put by the overflowing of said premises as aforesaid, neglected and refused to provide any means of escape for the water so accumulated on plaintiff's said premises, but negligently and carelessly allowed said water to increase and accumulate on the premises of plaintiff aforesaid in large quantities and to stand and become stagnant and to overflow and submerge the said premises of plaintiff from about the first day of February to the first day of June, 1890, to plaintiff's damage to the full amount of $200 as aforesaid." The petition closed with an averment of the filing of a claim against the city and its rejection.

The petition, it will be observed, amounts to this and nothing more: That the city established a grade for its streets, which, when carried into execution, would leave both plaintiff's and Swigart's lots below grade; that these lots were situated in a water-course, Swigart's below the plaintiff's; that Swigart filled his lots so as to make their surface conform to the established grade of the streets; that by so doing he obstructed the water-course, and thereby caused plaintiff's lot to be inundated, and that the city, although notified of Swigart's proposed action, failed to provide any means for the water whose flow was obstructed by the filling of Swigart's lots to escape. This states no cause of action against the city. Whether Swigart was liable to the plaintiff for his acts, is not involved in this case. To charge the city under this petition it would be

necessary to hold that there is imposed upon the city, in favor of a property owner, the active duty to provide drainage for his lots, or, in the case of a water-course, the duty to provide an outlet for it, when an individual has obstructed its natural flow.   There is no such obligation resting upon the city.   It is not charged that the city by any act of its caused the obstruction, merely that it failed to provide means to obviate the damage caused by the obstruction by an individual of the water-course.

REVERSED AND REMANDED.